**UNITED STATES of America, Plaintiff,**

**Sidney Williams, et al., Plaintiffs–Intervenors,**

**v.**

**The CITY OF MONTGOMERY, ALABAMA, et al., Defendants,**

**Gordon M. Ledbetter and John D. Shumway, Defendants–Intervenors.**

**Carolyn JORDAN, etc., et al., Plaintiffs,**

**Sandra M. Pierce–Hanna, et al., Plaintiffs–Intervenors,**

**v.**

**John WILSON, etc., et al., Defendants,**

**Gordon M. Ledbetter and John D. Shumway, Defendants–Intervenors.**

Civ. A. Nos. 3739–N, 75–19–N.

United States District Court, M.D. Alabama, N.D.

July 1, 1991.

Marybeth Martin, Philip Eure, Employment Litigation Section, Civil Rights Div., Dept. of Justice, Washington, D.C., for plaintiff.

Randall C. Morgan, Montgomery, Ala., for City of Montgomery.

Robert D. Segall, Montgomery, Ala., for Montgomery City–County Personnel Bd.

J. Richard Cohen, Donald Watkins, Montgomery, Ala., for plaintiff-intervenor Williams.

Thomas M. Goggans, Montgomery, Ala., for white male police officers of the City of Montgomery and Ledbetter—defendants-intervenors.

Kenneth L. Thomas, Massey, Means & Thomas, Montgomery, Ala., co-counsel for plaintiffs-intervenors Williams, et al.

Julian McPhillips, Kenneth Shinbaum, Montgomery, Ala., for Willie Davis re challenge to appoint.

Vanzetta McPherson, Montgomery, Ala., for Timmi Alford re challenge to appoint.

M. Wayne Sabel, Argo, Enslen, Holloway & Sabel, Montgomery, Ala., for Pierce & Oyler.

Robert C. Black, Randall C. Morgan, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., for all defts. except Wade L. Moss and Montgomery City–County Personnel Bd.

Robert D. Segall, Copeland, Franco, Screws & Gill, Montgomery, Ala., for Wade L. Moss and Montgomery City–County Personnel Bd.

George B. Azar, Azar & Azar, Montgomery, Ala., for defendants Folmar, Wilson, McGilrray, Eckerman, Cooper & Duffee.

Julian McPhillips, McPhillips, DeBardelaben & Hawthorne, Montgomery, Ala., McPhillips & Kenneth Shinbaum for Willie Davis re challenge to appoint.

Gary E. Atchison, Montgomery, Ala., for plaintiff-intervenor Boyd.

Theron Stokes, Montgomery, Ala., for Atty. Sabel re atty's fees.

Vanzetta McPherson, Montgomery, Ala., for Tommi Alford re challenge to appoint.

## MEMORANDUM OPINION

MYRON H. THOMPSON, Chief Judge.

In 1966, Judge Richard T. Rives wrote that,

> I look forward to the day when the State and its political subdivisions will again take up their mantle of responsibility ... and thereby relieve the federal Government of the necessity of intervening in their affairs. Until that day arrives, the responsibility for this intervention must rest with those who through their ineptitude and public disservice have forced it."

*Dent v. Duncan*, 360 F.2d 333, 337–38 (5th Cir.1966) (Rives, J., concurring). The present phase of the proceedings in these two cases reflects that after quarter of a century that day has not yet arrived, at least for the Police Department of the City of Montgomery, Alabama. The Pierce–Hanna intervenors, who represent all female police officers in the department, have filed a motion requesting that the court again intervene in the operations and affairs of the police department; the intervenors ask that the court compel the defendants—the City of Montgomery and its mayor and police chief—to comply with a 1988 consent decree requiring the promotion of four female officers, two to the rank of sergeant, one to the rank of lieutenant, and one to the rank of captain. As explained below, the evidence submitted by the parties to the court at a hearing on June 14, 1991, not only supports the motion, it reflects part of what has come to be a pattern of conscious disregard for, and often flagrant violation of, orders of the court by the defendants.

## I. BACKGROUND

On November 17, 1986, this court found that the promotion system of the Montgomery City Police Department had both the purpose and effect of discriminating against female police officers, in violation of Title VII of the Civil Rights Act of 1964, as amended.[1] *Jordan v. Wilson*, 649

---

1. 42 U.S.C.A. §§ 2000e through 2000e–17. The court further found that the promotion system violated 42 U.S.C.A. § 1983.

F.Supp. 1038 (M.D.Ala.1986). As part of the relief, the court gave the parties an opportunity to agree upon new promotion procedures and upon appropriate individual relief for the named intervenors and the other members of the class of female officers. *Id.* at 1062–63. The parties were unable to reach agreement as to the former and thus it was necessary in 1987 that the court fashion an interim promotion plan for the department. *Jordan v. Wilson,* 667 F.Supp. 772 (M.D.Ala.1987). However, the parties were able to enter into a consent decree settling all individual claims.

The consent decree, which was approved and entered by the court on March 17, 1988, provided that several named female officers "shall immediately receive front-pay to the next rank" and "shall be eligible to compete among themselves" for the following additional promotions in 1990: two positions at the rank of sergeant, one lieutenant position, and one captain position. The decree further provided that, "These promotions shall be made as early in ... 1990 as defendants are reasonably able to accomplish same." The 1988 decree further provided that, when two or more females

> must compete for a position, that position shall be filled as follows: The competing claimants shall go through the court-approved performance evaluation/oral interview procedure in place at the time. The individual with the highest score shall have the position. If no court-approved performance evaluation/oral interview procedure is in place at the relevant time, an alternative court-approved method shall be utilized.

In late 1989, the City Police Chief wrote the defendants' attorney about compliance with the 1988 consent decree's requirement that the police department promote two females to sergeant, one female to lieutenant, and one female to captain in 1990. The defendants took no action, however. On July 20, 1990, counsel for the Pierce–Hanna intervenors wrote the defendants' attorney about the 1990 promotions. He received no answer. On January 3, 1991,

counsel for the Pierce–Hanna intervenors again wrote the defendants' attorney about the 1990 promotions. Again, he received no answer. Finally, on April 2, 1991, the Pierce–Hanna intervenors filed a motion requesting that the court enforce the 1988 consent decree by ordering the defendants to make the 1990 promotions.

On June 14, 1991, just minutes before the hearing on the motion to enforce, counsel for the Pierce–Hanna intervenors and the defendants agreed to another consent decree providing for the following immediate and specific relief: that Sergeants Lois Caffey and Mable Pierce would compete for the one lieutenant position; that Lieutenants Jimmetta Brown and Margie McDonald would compete for the one captain position; and that the four women would compete under a promotion plan very similar to the interim promotion plan previously approved and adopted by the court in 1987.[2]

This in-court settlement did not, however, resolve all the claims which the Pierce–Hanna intervenors were pursuing in their enforcement motion. First, the intervenors maintain that the promotions to lieutenant and captain required by the 1988 consent decree must be retroactive to January 1, 1990, with backpay and other back benefits. The defendants object to any retroactivity. Second, the intervenors maintain that both Nadine Childrey and Eula Oliver should be promoted to sergeant. The parties agree that, because Childrey and Oliver are the only two officers left for promotion to sergeant from the original group of female officers eligible for promotion to sergeant under the 1988 consent decree and because the defendants must make two promotions to sergeant under the decree, Childrey and Oliver need not compete with each other, assuming they are both otherwise qualified for promotion. The parties further agree that should Childrey and Oliver be promoted they would not be entitled to any backpay and other back monetary benefits because, pursuant to frontpay provisions in the 1988 consent decree, the defendants have been paying

2. On June 17, 1991, the court entered an order encapsulating the June 14 agreement.

them at the sergeant's pay level since entry of the decree.[3] The defendants, however, object to the promotion of Childrey and Oliver. They contend that, because the two women were disciplined and temporarily demoted shortly after entry of the 1988 consent decree, they are no longer entitled to promotion under the decree.

## II. DISCUSSION

### A.

■ The defendants argue that the promotions to lieutenant and captain required by the 1988 consent decree should not be retroactive to January 1, 1990, with back-pay and other back benefits, because they, the defendants, had no obligation to make the promotions until a promotion plan had been developed. The defendants maintain that they were under no obligation to develop a plan. Indeed, counsel for the defendants suggested at one point that it was the Pierce–Hanna intervenors' responsibility to develop a plan.

The defendants' argument that they were under no obligation to develop a promotion plan for the 1990 promotions is meritless. The defendants have always been fully aware of their obligation under the 1988 consent decree to develop a promotion plan, if one had to be developed, for the 1990 promotions. First, the decree expressly and unequivocally placed on the defendants alone the responsibility of making the 1990 promotions. The decree provides that the 1990 promotions are to be "made as early in ... 1990 as defendants are reasonably able to accomplish same"; the decree does not place the responsibility for making the promotions on anyone else. It therefore logically and obviously follows that, if a plan had to be developed to make the promotions, it was the defendants' responsibility to do so. Moreover, throughout this litigation, the court has repeatedly stated in other contexts that the development of promotion procedures is first and

foremost the responsibility of the Montgomery City Police Department, and not that of the other parties or the court. For example, in a recent successful challenge by the Pierce–Hanna intervenors to the police department's selection process for deputy chief, this court wrote that the defendants "in particular ... are in the best position to develop a selection plan" for deputy chief. *United States v. City of Montgomery*, 744 F.Supp. 1074, 1088 (M.D.Ala.1989), *aff'd*, 911 F.2d 741 (11th Cir.1990). And in response to a more recent claim by the Pierce–Hanna intervenors that because the defendants have failed to develop a deputy-chief selection plan in a timely manner the court should step in and develop a plan, the defendants are now strongly urging that the development of selection and promotion procedures is uniquely theirs. Finally, when counsel for the Pierce–Hanna intervenors wrote counsel for the defendants about the 1990 promotions, defense counsel never responded that the defendants had no responsibility to develop a promotion plan and thus no obligation to make the required 1990 promotions. The defendants' contention that they had no obligation to develop promotion procedures is purely a pretext advanced to hide the fact they have no excuse for their failure to comply with the 1988 consent decree. Indeed, the defendants' argument that they had no obligation to develop promotion procedures for the 1990 promotions required by the 1988 consent decree is not only meritless, it is frivolous and disingenuous.

The evidence before the court also reflects that the defendants could easily have developed and implemented a promotion plan in time for the 1990 promotions. The defendants could have done in late 1989 what they did in 1991 just before the June 14 hearing on the Pierce–Hanna intervenors' motion. They could have modified the interim plan, adopted and approved by the court in 1987, to apply to the 1990

---

**3.** Shortly after entry of the 1988 decree, the Pierce–Hanna intervenors filed a motion claiming that the defendants were not paying Childrey and Oliver at the same "step" within the sergeant's pay level as they were all other beginning sergeants. The court agreed and ordered the defendants to adjust Childrey's and Oliver's sergeant's pay accordingly. *See Jordan v. Wilson*, civil action no. 75–19–N (M.D.Ala. November 17, 1988).

promotions. The court will therefore require that the lieutenant and captain promotions mandated by the 1988 consent decree be retroactive to January 1, 1990, with backpay and other back benefits.

### B.

■ The defendants argue that they were relieved of their obligation under the 1988 consent decree to promote Childrey and Oliver to the rank of sergeant because, shortly after the entry of the decree, both officers had been disciplined and temporarily demoted. In support of their argument, the defendants point to an earlier decision by the court holding that, because of Oliver's substandard performance following entry of the 1988 consent decree, the police department was relieved of its obligation under the decree to promote her to the rank of sergeant in 1989. *Jordan v. Wilson,* 755 F.Supp. 993 (M.D.Ala.1990).

In relieving the defendants of their obligation to promote Oliver to sergeant in 1989, this court wrote that "A court has broad and flexible powers to modify an injunction to the extent that it is no longer equitable," and that "whether an injunction has become inequitable will often depend upon the special characteristics of the case before the court." *Jordan v. Wilson,* 755 F.Supp. at 1000, *citing New York State Association for Retarded Children, Inc. v. Carey,* 706 F.2d 956 (2d Cir.) (Friendly, J.), *cert. denied,* 464 U.S. 915, 104 S.Ct. 277, 78 L.Ed.2d 257 (1983). The court further wrote "that the defendants should be relieved of their obligation to promote Oliver only if they can show that Oliver is guilty of the conduct with which she is charged and that, if she is, the conduct is serious enough to make her, not simply less qualified, but actually unfit or no longer qualified for promotion." *Jordan v. Wilson,* 755 F.Supp. at 1000. The court then agreed with defendants that Oliver was guilty of chronically inadequate performance and that her conduct rendered her unqualified for promotion.

The court noted, however, that its conclusion that Oliver was not entitled to a promotion in 1989 "should not be understood to mean that [she] is not entitled to a promotion under the consent decree in the future." *Jordan v. Wilson,* 755 F.Supp. at 1000 n. 10. Therefore, critical to the court's decision was the timing of the proposed promotion. The court reasoned that, if Oliver had been promoted then, she would have been promoted not only on the heels of her discipline, she would also have been promoted in the very midst of her demotion. The court concluded that a promotion at that time "would have been unfair to Oliver because it would have denied her the benefit of the discipline she needed to correct and improve her unsatisfactory behavior," *id.* at 1001, and "would have been unjust to the department because it would have severely undermined the disciplinary structure needed to run the department in an efficient and professional manner." *Id.*

The defendants now claim that, two years after the disciplinary and temporary demotion which resulted in the denial of Oliver's first promotion, she should again be denied a promotion. However, the defendants have submitted no evidence that, since 1988, Oliver has continued to engage in conduct sufficiently serious enough to warrant a demotion or other strong disciplinary action and thus to render her unfit or unqualified for other, future promotions. The defendants do not view an officer once demoted or disciplined as forever beyond redemption and thus barred from promotion. Instead, the defendants have promoted other officers—in particular, male officers—who like Oliver were demoted because of poor performance but whose later performance did not include any infractions serious enough to render them completely unqualified for promotion. Oliver should be treated no differently. The defendants were, therefore, not relieved of their obligation under the 1988 consent decree to promote Oliver to sergeant in 1990.[4]

---

**4.** The evidence at the June 13 hearing revealed that the defendants have initiated administrative proceedings to have Oliver dismissed from the police department because of recent allegations of inadequate performance. The parties agree, however, that because the defendants do

The defendants similarly contend that they were relieved of their obligation under the 1988 consent decree to promote Childrey to sergeant in 1990 because in 1988, after entry of the decree, she was found guilty of not properly discharging an assignment, was suspended for 29 days, and temporarily reduced in rank. For the same reasons that Oliver should not be considered completely unqualified for promotion in 1990 for conduct in 1988, Childrey should not be considered unqualified for promotion in 1990. The defendants were, therefore, not relieved of their court-ordered obligation to promote Childrey.

But more importantly, the defendants' refusal to promote Childrey and Oliver in 1990 as required by the 1988 consent decree reflects a continuing pattern of contemptuous disregard for the orders of the court and for the rights of police officers under those orders. First of all, the reason offered by the defendants for not promoting Childrey and Oliver—that they were unfit for promotion in 1990 due to earlier unsatisfactory performance—is a pretextual afterthought. It is apparent, for the reasons given above, that the defendants hoped to avoid compliance altogether with the 1988 consent decree's requirement that they promote four women in 1990. Second, in the 1990 order relieving the defendants of their obligation under the 1988 consent decree to promote Oliver to sergeant in 1989, the court emphasized to the defendants that they were required to seek "modification of, or relief from, the 1988 consent decree" before varying from it and that they had failed to do so with regard to their obligation under the decree to Oliver. *Jordan v. Wilson*, 755 F.Supp. at 1000. *See also W.R. Grace and Co. v. Local Union 759*, 461 U.S. 757, 766, 103 S.Ct. 2177, 2183–84, 76 L.Ed.2d 298 (1983) ("An injunction issued by a court acting within its jurisdiction must be obeyed until the injunction is vacated or withdrawn"); *GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.*, 445 U.S. 375, 386, 100 S.Ct. 1194, 1201, 63 L.Ed.2d 467 (1980)

("persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order"); *Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 439–40, 96 S.Ct. 2697, 2706, 49 L.Ed.2d 599 (1976) ("those who are subject to the commands of an injunctive order must obey those commands, notwithstanding eminently reasonable and proper objections to the order, until it is modified or reversed").

The court cautioned the defendants that the authorization which it was giving to depart from the decree without a formal request was as to "the 1989 promotions to sergeant *only*." *Jordan v. Wilson*, 755 F.Supp. at 1001 n. 13 (emphasis added). The court instructed that, "In the future . . . the defendants must seek formal court approval before taking any action which conflicts with any of the orders of the court." *Id.* (emphasis deleted). Nevertheless, in flagrant disregard of this language and of their obligation under the 1988 consent decree, the defendants refused to promote Childrey and Oliver in 1990 without obtaining prior approval from the court. The defendants have not attempted to justify, or even explain, their actions. They have approached this litigation as if the above cautionary instructions by the court did not exist.

### III. CONCLUSION

Finally, the court cannot overlook that the defendants' actions toward the required 1990 promotions is part of a pattern of conscious disregard and violation of the orders of this court. Over the last three years, the Pierce–Hanna intervenors already have had to turn twice to this court to obtain the defendants' compliance with court orders. *See United States v. City of Montgomery*, 755 F.Supp. 1522 (M.D.Ala. 1990) (officials of the City of Montgomery violated a court order by retaliating against a female officer, Tommi Lee Alford, because of her participation in litigation

not rest their challenge to Oliver's right to a promotion in 1990 on these new allegations of substandard performance, neither the evidence

regarding these new allegations nor the newly initiated dismissal proceedings against her are properly before the court.

against city officials), *aff'd,* 934 F.2d 1265 (11th Cir.1991) (table); *United States v. City of Montgomery,* 744 F.Supp. 1074 (M.D.Ala.1989) (officials of the City of Montgomery violated a court order by refusing to promote one of several majors in the police department to the position of deputy chief because of their prior participation in litigation against city officials), *aff'd,* 911 F.2d 741 (11th Cir.1990) (table).

The defendants' conduct has not only frustrated the vindication of rights vested by prior orders, it has required the repeated intrusion by this court into the daily operation and affairs of the Montgomery Police Department. It has also been costly, both in time and money, to all involved. *See, e.g., United States v. City of Montgomery,* civil action nos. 3709 and 75–19–N (M.D.Ala. May 20, 1991) (requiring that the defendants pay counsel for the Pierce–Hanna intervenors $34,150.50 for his work in connection with the "deputy chief" litigation); *United States v. City of Montgomery,* civil action nos. 3709 and 75–19–N (M.D.Ala. May 20, 1991) (requiring that the defendants pay counsel for the Pierce–Hanna intervenors $18,722.21 for her work in connection with the "Alford" litigation).

The court therefore shares Judge Rives's lament and looks forward to the day when local governmental bodies and their officials—and, in particular, the City of Montgomery and its mayor and police chief—assume willingly and in good faith the obligations placed on them by the duly enacted laws of this land and by the orders of courts enforcing those laws. But until that day arrives, this court must, though reluctantly, continue to intrude into the operations and affairs of local government where necessary to vindicate the rights of parties to litigation. However, it should be clear that the responsibility for this intrusion, with its attendant often protracted and costly litigation, rests with those governmental bodies and public officials who, in words of Judge Rives, "through their ineptitude and public disservice have forced it." *Dent v. Duncan,* 360 F.2d at 338.

The court will therefore enter a judgment and injunction requiring that the promotions to the rank of lieutenant and captain under the 1988 consent decree be retroactive to January 1, 1990, with backpay and other back benefits. The court will further require that the defendants promote Childrey and Oliver to the rank of sergeant retroactive to January 1, 1990, albeit without backpay and other back benefits.

## JUDGMENT AND INJUNCTION

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That the motion to enforce judgment and supplemental relief filed by the Pierce–Hanna intervenors on April 2, 1991, be and it is hereby granted; and

(2) That the defendants—the City of Montgomery and its mayor and police chief—and their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order, be and they are hereby ENJOINED and RESTRAINED from failing to do the following:

(a) Making the promotion of the female officer selected for the rank of captain under the 1988 consent decree retroactive to January 1, 1990, with backpay and other back benefits;

(b) Making the promotion of the female officer selected for the rank of lieutenant under the 1988 consent decree retroactive to January 1, 1990, with backpay and other back benefits;

(c) Promoting Nadine Childrey to the rank of sergeant, retroactive to January 1, 1990; and

(d) Promoting Eula Oliver to the rank of sergeant, retroactive to January 1, 1990.

The clerk of the court is DIRECTED to issue a writ of injunction.

The United States Marshal or his representative is DIRECTED to serve a copy of the memorandum opinion and judgment on the following defendants: the City of Montgomery, Alabama; the Mayor of

Montgomery; and the Montgomery Chief of Police.